**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carly Morton,<br><br>    Plaintiff,<br><br>v.<br><br>State Bar of Arizona,<br><br>    Defendant. | No. CV-14-1647-PHX-DGC<br><br>**ORDER** |

  Plaintiff Carly Morton has filed a complaint against the State Bar of Arizona. Doc. 1. Plaintiff has also filed a motion to proceed in forma pauperis ("IFP"). Doc. 2. The Court will grant Plaintiff's application for IFP status, screen her complaint, and dismiss the complaint for failure to state a claim.

**I. Motion for IFP Status.**

  Plaintiff attaches an affidavit on a court-approved form which suggests that she receives a total monthly income of $850, that she has monthly expenses totaling $955. Doc. 2. She claims that she cannot get a job "that [she] is comfortable in," because she is "a victim of human trafficking." *Id.* It is clear from Plaintiff's affidavit that she cannot pay or give security for fees and costs and still provide herself with the necessities of life. *See Adkins v. E. I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1943). Plaintiff's motion for IFP status will be granted.

**II. Legal Standard.**

  In IFP proceedings, a district court "shall dismiss the case at any time if the court

determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). Although much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc). "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[ ] sua sponte . . . a complaint that fails to state a claim[.]" *Id*. at 1130. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id*. at 1127. A district court dismissing under this section "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. at 1127-29 (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This short and plain statement "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully"). Legal conclusions couched as factual allegations are not given a presumption of truthfulness and "conclusory allegations of law and unwarranted inferences are not sufficient." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. Cnty of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997).

### III. Plaintiff's Complaint.

Plaintiff filed her complaint on July 22, 2014 against the State Bar of Arizona.

1. Doc. 1. Plaintiff alleges that the State Bar "and its attorneys retaliated by violating the Rules of Professional Conduct[.]" *Id.* at 2. She further alleges that "her U.S. Constitutional Rights were violated, and laws are being misquoted during paid consultations." *Id.* This matter apparently arises out of Plaintiff's arrest in the summer of 2012 after the Arizona Interscholastic Association "told police she was terminated as an Official." The complaint goes on to allege that the law firm of Jones, Skelton & Hochuli "is participating in misclassification of high school Referees as independent contractors." Plaintiff further alleges that attorney Kevin Neal requested "Court sanctions on Plaintiff of dismissal with prejudice in Case No. CV13-2135 PHX NVW" for Plaintiff's alleged failure to appear at a deposition. She appears to allege that a representative of Defendant told her on July 10, 2014 that it was not inappropriate for Mr. Neal to seek sanctions and that the "file will remain closed." *Id.*

Plaintiff also complains about the conduct of two attorneys who represented her in "the arrest matter," alleging that one attorney "did not research legal cases and defenses for trespass," "encouraged a plea agreement and later withdrew from the case." *Id.* at 2-3. She claims that she has never spoken with a second attorney from whom she received an *Anders* brief. *Id.* at 3. She alleges that these attorneys violated her "U.S. Constitutional Rights under the 6th Amendment by not providing meaningful Counsel." *Id.* Plaintiff also contends that an attorney with whom she consulted in December 2012 misquoted a statute. *Id.*

The only basis for relief Plaintiff alleges in her complaint is that her "U.S. Constitutional Rights under the 6th Amendment" were violated. Plaintiff's complaint fails to state a claim because "a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) (citing *Azul-Pacifico Inc. v. City of L.A.*, 973 F.2d 704, 705 (9th Cir. 1992)). Plaintiff has not asserted a claim under section 1983.

Moreover, the Sixth Amendment does not afford Plaintiff a private right of action

against either retained or appointed defense counsel or organizations that license attorneys. *See Delany v. District of Columbia*, 659 F. Supp. 2d 185, 200 n.13 (D.D.C. 2009) ("A plaintiff may sue an individual attorney for malpractice or may assert ineffective assistance of counsel as the basis for a petition for habeas corpus.") (internal citation omitted); *Carr v. Bingham*, No. 6:08cv12, 2008 WL 1696881, at *2 (E.D. Tex. Apr. 9, 2008) ("The Sixth Amendment does not afford a private right of action against defense counsel, whether retained or court-appointed."); *McCurvin v. Law Offices of Koffsky & Walkley*, No. Civ.A.3:98CV182(SRU), 2003 WL 223428, at *3 (D. Conn. Jan. 27, 2003) (same). The Court will dismiss Plaintiff's complaint.

## IV.   Leave to Amend.

In this circuit, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Because the only basis for Plaintiff's complaint is the Sixth Amendment, the Court will not grant Plaintiff leave to amend. The Sixth Amendment does not provide any private right of action against individual attorneys or a state bar association such as Defendant; therefore, it is clear that no amendment would allow Plaintiff to state a claim against Defendant.

**IT IS ORDERED:**

1. Plaintiff's request for IFP status (Doc. 2) is **granted**.
2. Plaintiff's complaint (Doc. 1) is **dismissed with prejudice**.
3. The Clerk of Court is directed to **terminate** this action.

Dated this 15th day of August, 2014.

_____
David G. Campbell
United States District Judge