**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carly Morton, | No. CV-14-1647-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| State Bar of Arizona, | |
| Defendant. | |

Plaintiff Carly Morton has filed a one-paragraph Motion for Relief from Order. Doc. 7. Plaintiff claims that she is entitled to relief Rule 60(b)(6) because the Court's previous order (Doc. 6) "is not applicable for her circumstances" and because the Court did not appoint an attorney to represent her. The Court will deny Plaintiff's motion for several reasons.

First, a motion under Rule 60(b)(6) must be brought within a reasonable time. Fed. R. Civ. P. 60(c)(1). Plaintiff waited more than five months to file her one-paragraph motion, which was not reasonable. The motion is untimely.

Second, the motion is more appropriately characterized as a motion for reconsideration. Such motions must be brought within 14 days. LRCiv 7.2(g)(2). The motion is untimely for this reason as well.

Third, even if the Court were to consider the motion for reconsideration, Plaintiff has failed to show that the Court committed a clear error of law that would make reconsideration appropriate. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5

F.3d 1255, 1263 (9th Cir. 1993) (listing the bases for granting a motion for reconsideration); *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (noting that motions for reconsideration cannot be used to ask the court "'to rethink what the court has already thought through'" (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc*., 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Fourth, in its order dismissing Plaintiff's complaint, the Court explained that Plaintiff had not filed an action under 42 U.S.C. § 1983 and that the Sixth Amendment does not provide any private right of action against individual attorneys or a state bar association. Doc. 6. This ruling was correct. Even if Plaintiff had made a claim for violation of her constitutional rights under § 1983, it could not be sustained. "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *Miranda v. Clark Cnty., Nevada*, 319 F.3d 465, 468 (9th Cir. 2003).

**IT IS ORDERED** that Plaintiff's Motion for Relief from Order (Doc. 7) is **denied**. Plaintiff is advised that this case is closed and the Court will summarily deny any further motions.

Dated this 27th day of February, 2015.

_____
David G. Campbell
United States District Judge